IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

FLOR JUSINO O/B/O
RAFAEL CABANILLAS,

   Plaintiff,

   v.

COMMISSIONER OF SOCIAL SECURITY,

   Defendant.

CIVIL NO. 10-2235 (CVR)

**OPINION AND ORDER**

**INTRODUCTION**

    Plaintiff Rafael Cabanillas, presently deceased, is herein substituted by his mother, Ms. Flor Jusino (hereafter "plaintiff Cabanillas" and "plaintiff Jusino", respectively). Plaintiff Jusino filed this action for judicial review of the final decision of the defendant, the Commissioner of Social Security (hereafter "Commissioner"), denying plaintiff Cabanillas the application for entitlement to a period of disability and ensuing benefits. (Complaint, Docket No. 1). Plaintiff Jusino granted consent to jurisdiction by a United States Magistrate Judge. (Docket Nos. 8 and 9). Plaintiff Jusino requested this court, through Atty. Salvador Medina de la Cruz, to reverse for lack of substantial evidence the determination and findings of the Commissioner and plaintiff be awarded the corresponding Social Security disability benefits.

    The Commissioner answered the Complaint and filed copy of the administrative record. (Docket Nos. 14 and 15). Plaintiff then filed the corresponding memorandum of law. (Docket No. 22). Thereafter, on December 1, 2011, the Commissioner filed its memorandum in support of its administrative decision denying the application. (Docket No. 22).

After an examination of the administrative record as a whole, as well as counsel for plaintiff's memorandum of law, defendant's brief, and the medical evidence on file, with copy of the administrative hearing transcript, this United States Magistrate Judge finds the Commissioner's decision is not supported by substantial evidence.

**GENERAL BACKGROUND**

On August 18, 2006, plaintiff Cabanillas died because of arterial hypertension and diabetes mellitus at age 43, while a claim before the Social Security Administration was pending and his mother, plaintiff Jusino, was substituted as party and continued with the case.

Mr. Cabanillas was treated by a psychiatrist for severe depression and was admitted twice to the First Hospital Panamericano for suicidal attempts, visual and auditory hallucinations. He had an initial diagnosis of major depression with psychotic features. The patient had been on psychiatric treatment for the past five (5) years, receiving treatment and medication. The final diagnosis was of major depression with severe panic disorder with agoraphobia. Mr. Cabanillas mostly stayed at home for being afraid of going outside and had impaired capacity for social interaction. He had diminished attention, concentration and judgment. These conditions were confirmed by treating sources and by examining consultants.

**PROCEDURAL HISTORY AND THE ADMINISTRATIVE HEARING**

The initial application for social security disability benefits was denied. By May 19, 2009, the Administrative Law Judge (hereafter "ALJ"), regardless of the demise of plaintiff Cabanillas since 2006, entertained the testimony of a vocational expert so as to determine

the existence of jobs which were available in the national economy which plaintiff Cabanillas may have engaged within the determined limitations.

The limited administrative hearing was held and the vocational expert, Mr. Ariel Cintrón testified, concluding there were jobs that plaintiff Cabanillas could have performed. On June 9, 2009, the presiding ALJ issued an opinion finding that, since the alleged date of disability of August 1, 2003, through the date he was last insured, December 31, 2008, plaintiff Cabanillas was not under disability. The Appeals Council reviewed the decision and affirmed same.

The ALJ's administrative decision determined the existence of severe impairments, to wit: diabetes mellitus, hypertension and a mental condition. (*Transcript p. 16*). Still, there was no diagnosis or treatment for any kind of heart disease. As to the mental condition, the ALJ concluded there were no significant limitations since there were no marked limitations of activities of daily living, maintaining social functioning, maintaining concentration, persistence or pace nor of repeated episodes of decompensation. (*Id., p. 17*).

Plaintiff Cabanillas was forty three (43) years old at the time of his demise in 2006, although he was insured for disability purposes until the year 2008. He had past relevant work experience as a shipping clerk and salesperson, which were of medium exertional level and required constant interaction with public. Plaintiff Cabanillas had a limited education and was unable to communicate in English. Transferability of skills was not considered relevant to the ALJ. (*Id., p. 18*).

The ALJ found Mr. Cabanillas had moderate restrictions in activities of daily living since, although he depended on his mother to go out of the house, he could take care of his

personal hygiene. Plaintiff Cabanillas also had moderate difficulties in social functioning because of a diagnosis of social phobias wherein he did not feel comfortable around people.

Insofar as concentration, the ALJ concluded Mr. Cabanillas had some memory deficits but otherwise functioned within acceptable limits, having experienced only two (2) episodes of decompensation of extended duration, including two (2) hospitalizations in 2003, before alleged onset date and in 2004 because of structured suicidal ideation. (*Id.*).

Plaintiff Cabanillas retained the residual functional capacity to perform the full range of light work, which was further eroded by additional limitations of an emotional component. On this ground, the ALJ, through the testimony of a vocational expert, who was given the factors considered relevant, indicated the existence of jobs available such as table worker, in any industry, small product assembler, in any industry, both which were light, unskilled, and existed in significant numbers. (*Id., p. 19*).

As such, the ALJ concluded plaintiff Cabanillas was not under disability.

Plaintiff's counsel, Atty. Medina de la Cruz, opposes the conclusion of no disability for lack of substantial evidence to support the decision, as well as the ALJ's submission to the vocational expert which makes the grounds of the testimony and the resulting final administrative determination one based on incomplete premises.

## THE ALJ'S DECISION AND THE APPEALS COUNCIL

The ALJ applied in his administrative process the evaluation process mandated by law, insofar as concluding that plaintiff: (1) meets the non-disability requirements for a period of disability and disability insurance benefits and is insured for benefits through the insured period, up to December 31, 2008; (2) has not engaged in substantial gainful

activity since the alleged onset date of disability of August 3, 2003; (3) allegations of severe impairments had more than a minimal affect on the ability to perform basic work-related activities, constituting severe impairments; (4) plaintiff did not have an impairment or combination that meets or equals the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1; (5) upon consideration of the entire record plaintiff had the residual functional capacity to perform within the range of light work, except limited to simple, repetitive tasks, with no contact with the public and only repetitive contact with peers and supervisors. (*Tr. pp. 16-17*).

The ALJ discussed very summarily the medical evidence during the relevant period. He referred to a chest X-rays done around October 27, 2005, that showed mild cardiomelagy but no evidence of acute heart illness. Plaintiff Cabanilla's death certificate refers solely to unspecified diabetes mellitus without complications as the cause of death. (*Id., p. 18*). There is a statement from plaintiff's mother the treating physician had not referred plaintiff Cabanillas, under the public health care plan, to a cardiologists despite complaints of chest pain. His death was sudden as the mother was getting dressed to take his son to the emergency room for chest pain and he was pronounced dead upon arrival of the ambulance due to a heart attack but no autopsy was performed. (*Id.*).

The ALJ made reference to the mental impairment insofar as the two (2) hospitalizations and additional treatment at the Centro de Salud Conductual del Oeste, without any detail as to its extent, medications prescribed or diagnosis. (*Id., p. 17*).

## LEGAL ANALYSIS

**A. Legal Standard.**

The Court's review is limited to determine whether the ALJ deployed the proper legal standards and found facts upon the proper quantum of evidence. Manso-Pizarro v. Secretary of Health and Human Servs., 76 F.3d 15, 16 (1st Cir. 1996). The ALJ's findings of fact are conclusive when supported by substantial evidence, 42 U.S.C. § 405(g), but are not conclusive when derived by ignoring evidence, misapplying the law, or judging matters entrusted to experts. Nguyen v. Chater, 172 F.3d 31, 35 (1st Cir. 1999); Da Rosa v. Secretary of Health and Human Servs., 803 F.2d 24, 26 (1st Cir. 1986); Ortiz v. Secretary of Health and Human Servs., 955 F.2d 765, 769 (1st Cir. 1991).

To establish entitlement to disability benefits, the burden is on the claimant to prove that he is disabled within the meaning of the Social Security Act. *See* Bowen v. Yuckert, 482 U.S. 137, 146-47, n. 5 (1987). It is well settled law that a claimant is disabled under the Act if he is unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(a). A claimant is unable to engage in any substantial gainful activity when the claimant is not only unable to do his previous work but, considering age, education, and work experience, cannot engage in any other kind of substantial gainful work which exists in the national economy, regardless of whether such work exists in the immediate area in which he lives, or whether a specific job vacancy exists, or whether he would be hired if he applied for work. 42 U.S.C. § 423(d)(2)(a).

In making a determination as to whether a claimant is disabled, all of the evidence in the record must be considered. 20 C.F.R. § 404.1520(a). A five-step sequential evaluation process must be applied to every case in making a final determination as to whether a claimant is or not disabled. 20 C.F.R. §§ 404.1520; *see* Bowen v. Yuckert, 482 U.S. 137, 140-42 (1987); Goodermote v. Sec. of Health & Human Servs., 690 F.2d 5, 6-7 (1st Cir. 1982).

Through step one the ALJ determines whether the claimant is engaged in "substantial gainful activity." If he is, disability benefits are denied. §§ 404.1520(b). If he is not, the decision-maker proceeds to step two, through which it is determined whether the claimant has a medically severe impairment or combination of impairments. *See* §§ 404.1520(c). If the claimant does not have a severe impairment or combination of impairments, the disability claim is denied. If the impairment or combination of impairments is severe, the evaluation proceeds to the third step, in order to determine whether the impairment or combination of impairments is equivalent to one of a number of listed impairments that the Commissioner acknowledges are so severe as to preclude substantial gainful activity. §§ 404.1520(d); 20 C.F.R. pt. 404, subpt. P, App. 1. If the impairment meets or equals one of the listed impairments, the claimant is conclusively presumed to be disabled. If the impairment is not one that is conclusively presumed to be disabling, the evaluation proceeds to the fourth step, through which the ALJ determines whether the impairment prevents the claimant from performing the work he has performed in the past. If the claimant is able to perform his previous work, he is not disabled. §§ 404.1520(e). If it is determined that the claimant cannot perform this work, then the

fifth and final step of the process demands a determination on whether claimant is able to perform other work in the national economy in view of the residual functional capacity, as well as age, education, and work experience. The claimant would be entitled to disability benefits only if he/she is not able to perform other work. §§ 404.1520(f).

The claimant has the burden, under steps one through four, of proving that he cannot return to his former employment because of the alleged disability. Santiago v. Secretary of Health and Human Services, 944 F.2d 1, 5 (1st Cir. 1991).

In the present case, plaintiff Cabanillas was found by the ALJ not able to perform his previous work as a shipping clerk and/or salesperson. However, the ALJ concluded, at step five of the evaluation process, Mr. Cabanillas was not considered disabled since, although unable to perform his past relevant job, he could still perform other type of work within the light level of exertion. The ALJ indicated, without an appropriate vocational expert's testimony or consideration of additional non-exertional limitations imposed limited to work that was simple, with repetitive tasks, with no contact with the public and only repetitive contact with peers and supervisors. (*Tr. p. 17*).

Counsel for plaintiff claims, in opposition to the Commissioner's decision, that the denial of disability benefits was not supported by substantial evidence. The administrative hearing held on May 19, 2009, received the testimony of Dr. Ariel Cintrón. The ALJ submitted questions as to an individual who could perform at the light level of exertion, with maximum mental level for only simple and repetitive tasks, who could not have any contact with the public and could have full vocational contact with supervisors and fellow workers. The vocational expert indicated such individual would not be able to perform

those jobs previously held by plaintiff as a salesperson and shipping clerk, which were of medium level of exertion or the one that was light but required to be in contact with the public. (*Id., pp. 302-303*). However, with those characteristics there were other jobs such as table worker, which was light and unskilled, without need of formal education. There was also work as a small product assembler, also light and unskilled. (*Id., pp. 303-304*). Upon attempted examination by plaintiff's counsel in that, in the presence of an emotional condition which affected the ability to maintain concentration and maintain consistent pace for less than two hours, the vocational expert indicated there were no available jobs for plaintiff could not perform in a sustained manner. (*Id., pp. 306-307*).

Plaintiff Cabanillas stopped working around August 1, 2003 because of recurrent severe depression, panic disorders with agoraphobia, difficulty in concentration, hearing voices and hallucinations (seeing shadows). He initiated treatment with Dr. María F. Rodríguez Rosario and received medications such as Dokepin, 150 mg. and Paxil 20 mg., for depression, Stelazine 2 mg. an anti-psychotic; Klonspin 2 mg. for anxiety, and high blood pressure medication. The patient referred being depressed, desperate and very anxious, having frequent panic attacks, and feeling extreme fear of crowed spaces. He did not want to go out of his house and did not like to socialize, having difficulties to concentrate, sleep, and remembering things or instructions. (*Id., pp. 159-163*).

Mr. Cabanillas was hospitalized in 2004 at the First Hospital Panamericano due to his major depression, with psychotic features and the final diagnosis included also panic attacks with agoraphobia.

Agoraphobia develops as a complication of panic attacks. Because of these fears, the patient starts avoiding more and more situations, such as avoiding crowded places such as shopping malls or sports arenas. It may also avoid cars, airplanes, subways, and other forms of travel. In more severe cases, the only place that is felt safe is at home.

Symptoms of agoraphobia include:

Becoming housebound for prolonged periods of time
Dependence on others
Fear of being alone
Fear of being in places where escape might be difficult
Fear of losing control in a public place
Feelings of detachment or estrangement from others
Feelings of helplessness
Feeling that the body is unreal
Feeling that the environment is unreal
Unusual temper or agitation

As available at numerous websites regarding plaintiff Cabanillas' condition reference was made to:

helpguide.org/mental/panic_disorder_anxiety_attack_symptom_treatment.htm (As adapted from the American Academy of Family Physicians)

http://www.nlm.nih.gov/medlineplus/ency/article/000923.htm [1]

The diagnosis of major depression, panic attacks with agoraphobia appears on record, both at the treating hospital facilities, the treating source and the consultative evaluation requested by the Commissioner, for which there is no disputed facts in regards to the mental condition and its diagnosis. (Id., *pp. 170, 180, 188, 193, 262, and 265*). The

---

[1] See attached herein document entitled "Attachment A" and "Attachment B" as required by the Judicial Conference as approved in the March 2009 session for "all internet materials cited in final opinions be considered for preservation" and that [e]ach judge ... should retain the discretion to decide whether the specific cited resource should be captured and preserved." As such, the site's page was downloaded and filed as an attachment to the judicial opinion in the CM/ECF system.

patient was found with anhedonia, decreased energy, generalized persistent anxiety psychomotor retardation, persistent disturbances of the mood, emotional withdrawal or isolation, motor tension, easy distractibility and sleep disturbances. (Id*., p. 271*)

**B. Conclusions of Law**.

The Court of Appeals for the First Circuit has previously discussed the ALJ is "not required to recite every piece of evidence that favored appellant." Stein v. Sullivan, 966 F.2d 317, 319 (7th Cir. 1992) (noting that the level of articulation required is not precise). *See* 20 C.F.R. § 404.1527(d) ("We will always give good reason in our notice of determination or decision for the weight we give your treating source's opinion); SSR 96-2p ("the notice of determination or decision must contain specific reasons for the weight given to the treating source's medical opinion, supported by the evidence in the case record, and must be sufficiently specific to make clear to any subsequent reviewers the weight the adjudicator gave to the treating source's medical opinion and the reasons for that weight.").

It has been established that plaintiff in the instant case was unable to perform his past relevant work for which it was the burden of the Commissioner to establish the existence of jobs in significant numbers in the national economy within plaintiff's residual functional limitations, both exertional and non-exertional. Only when non-exertional limitations are mild to moderate would reliance on the GRID at set five be considered harmless.[2]

---

[2] The GRIDS provide an analysis of the various vocational factors such as age, education and work experience in combination with the individual's residual functional capacity for work in evaluating a claimant's ability to engage in substantial gainful activity. 20 C.F.R. Pt. 404, Subpt. P, App.2.

Flor Jusino v. Commissioner of S.S.
Opinion and Order
Civil No. 10-2235 (CVR)
Page No. 12

Limitations of functions are classified as exertional or nonexertional. *See* 20 C.F.R. 404.1569a. Impairments, including pain or mental conditions, can cause exertional and/or nonexertional limitations of functions. *Id*. Exertional limitations are those that affect a claimant's "ability to meet strength demands of jobs (sitting, standing, walking, lifting, carrying, pushing, and pulling). *Id*. Non-exertional limitations are those that affect a claimant's "ability to meet the demands of jobs other than the strength demands." *Id*. Examples of non-strength demands of jobs are the ability to concentrate, or to perform "the manipulative or postural functions of some work such as reaching, handling, stooping, climbing, crawling, or crouching." *Id*. Thus, there can be an impact of non-exertional limitations on the occupational base.

In the instant case, plaintiff's counsel properly argues there was no appropriate vocational expert's testimony as to the existent non-exertional limitations imposed by plaintiff's conditions related to his mental condition, including his major depression and panic attacks with agoraphobia. Plaintiff had non-exertional impairments that significantly affected his capacity for the full range of work he is determined capable of performing within his residual functional capacity, the vocational expert would be of significant assistance as to how these limitations erode the performance of the full range of jobs within the residual functional capacity. In the present case, the ALJ determined plaintiff could perform light type work. For this reason, the Commissioner should carry the burden of showing availability of jobs in the national economy by means other than the GRID, that is, obtaining the testimony of a vocational expert.[3] Through the vocational expert, the ALJ

---

[3] The GRID may not be fully applicable where the nature of a claimant's impairment is non-exertional, such as when a claimant has a certain mental, sensory, or skin impairment. 20 C.F.R. Pt. 404, Subpt. P, App. 2, Sec. 2000.00(e).

may determine and obtain what kind of jobs remain, within light level of exertion, for individuals who like plaintiff also suffer from limitations imposed by his mental condition, panic attacks with agoraphobia. These limitations were not presented to the vocational expert and his testimony regarding jobs available did not consider other limitations of a non-exertional nature except for those submitted as an individual "whose maximum level of exertion is light whose maximum mental level of exertion allows him to do only simple and repetitive tasks. He is not able to have any contact with the public and he can have full vocational contact is with supervisor and fellow employees." (*Trans., p. 302*).

The testimony from a vocational expert is substantial evidence only when the testimony is based on correctly phrased hypothetical questions that captures the concrete consequences of a claimant's deficiencies. *See* Taylor v. Chater, 119 F.3d 1274, 1278 (8th Cir. 1997) (quoted in Roberts v. Apfel, 222 F.3d 466, 471 (8th Cir. 2000); *see* Ramírez v. Barnhart, 372 F.3d 546 (3d Cir. 2004). The vocational expert's testimony which is absent herein as to the full limitations imposed by plaintiff's mental condition, which together with the findings supported by the record as to the existence of significant non-exertional limitations, fail to meet the burden of the Commissioner as to jobs available within the residual functional capacity for light level of exertion, making the ALJ's determination on the grounds of the vocational expert's opinion not based on substantial evidence.

To review the final decision of the Commissioner courts must determine if the evidence of record meets the substantial evidence criteria. Substantial evidence is "more than a mere scintilla and such, as a reasonable mind might accept as adequate to support a conclusion". Richardson v. Perales, 402 U.S. 389 (1971), quoting Consolidated Edison Co.

Flor Jusino v. Commissioner of S.S.
Opinion and Order
Civil No. 10-2235 (CVR)
Page No. 14

v. N.L.R.B., 305 U.S. 197 (1938). The findings of the Commissioner as to any fact are conclusive, if supported by the above stated substantial evidence.[4] The court would set aside a denial of benefits only if it is not supported by substantial evidence or if it is based on a legal error. Seavey v. Barnhart, 276 F.3d 1, 9 (1st Cir. 2001). *See* Rodríguez, 647 F.2d at 222.

Considering the above discussed, substantial evidence does not support the decision of the Commissioner in this case.

## CONCLUSION

In view of the reasons above discussed, this United States Magistrate Judge, having perused the record and considered whether there was substantial evidence in support of the decision rendered by the Commissioner concludes that it is not supported by substantial evidence. Thus, the decision of the Commissioner is VACATED.

IT SO ORDERED.

Judgment is to be entered accordingly.

In San Juan, Puerto Rico, on this 3rd day of January of 2012.

        S/CAMILLE L. VELEZ-RIVE
        CAMILLE L. VELEZ RIVE
        UNITED STATES MAGISTRATE JUDGE

---

[4] Falu v. Secretary of Health & Human Servs., 703 F. 2d 24 (1st Cir. 1983).